# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ELLIOT MONTANA (#293682)**

**VERSUS**

**DARREL VANNOY, ET AL.**

**CIVIL ACTION**

**NO. 16-766-JWD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 12, 2017.

 

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ELLIOT MONTANA (#293682)

VERSUS

DARREL VANNOY, ET AL.

CIVIL ACTION

NO. 16-766-JWD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss (R. Doc. 16) filed on behalf of defendants Warden Darrel Vannoy and Sgt. Carl Hayes. The motion is not opposed.

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden Darrel Vannoy, Sgt. Carl Hayes, Major Benjamin Zeringue, and Sgt. John Doe, in their individual and official capacities, complaining that his constitutional rights have been violated as result of the defendants' failure to protect him from harm and deliberate indifference to his safety.[1] The plaintiff is seeking compensatory and punitive damages.

The defendants first seek dismissal on jurisdictional grounds, presumably pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's § 1983 claims against them in their official capacities. In this regard, the defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be

---

[1] With regards to defendants Zeringue and Doe, a review of the record reveals that Major Zeringue has not been served because he is no longer an employee of the Department of Corrections and service was not accepted on behalf of Sgt. Doe. *See* R. Docs. 11 and 12. Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service, and should attempt to remedy any defects of which he has knowledge. The plaintiff was informed of the lack of service, and failed to take action to direct service on defendants Zeringue and Doe for 6 months. *See* R. Docs. 11 and 12 . It is appropriate, therefore, that the plaintiff's claims asserted against defendants Zeringue and Doe be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon them.

"persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, the plaintiff's § 1983 claims asserted against defendants Vannoy and Hayes in their official capacities for monetary damages are subject to dismissal. In contrast, the plaintiff's claim for monetary damages asserted against the defendants in their individual capacities remains viable because a claim against a state official in his individual capacity, seeking to impose liability for actions taken by the official under color of state law, is not treated as a suit against the state. *Id*. at 29. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief.

Turning to the plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, the defendants next assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id.* (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint as amended the plaintiff alleges the following. On April 6, 2016, the plaintiff was housed with inmate Patterson who had advised each passing officer that he did not wish to have a cell-mate unless the inmate was a homosexual.[2] The plaintiff was then suddenly attacked by inmate Patterson with a pick type weapon. Inmate Patterson stabbed him repeatedly while beating and kicking him.

Inmate Patterson was yelling that he "told security not to put no inmate in his cell unless the inmate a (homosexual), or he was going to kill'em" as he continued to stab and beat the plaintiff. Defendant Sgt. Hayes came up the stairs to make rounds and observed inmate Patterson attacking the plaintiff.[3] Instead of activating his beeper, defendant Hayes, with a smirk on his face, stated to inmate Patterson, "You still working on that inmate in your cell huh? Y'all

---

[2] Inmate Patterson is identified as the cell-mate who allegedly attacked the plaintiff in the copy of the plaintiff's grievance which is attached to his Complaint. *See* R. Doc. 1-2, pgs. 5-6.
[3] Defendant Sgt. Hayes is identified as the "tier officer" mentioned in the plaintiff's Complaint in the copy of the Disciplinary Report attached to the plaintiff's Complaint. *See* R. Doc. 1-2, pg. 1.

up here making all that noise." Inmate Patterson informed defendant Hayes that, "He got this" and continued attacking the plaintiff while defendant Hayes watched with a smirk on his face. Defendant Hayes then told inmate Patterson, "don't kill him yet while on my shift I'll be here half the day doing reports and not get paid for it" and instructed Patterson to "stop stabbing him like that." Inmate Patterson continued to attack the plaintiff and defendant Hayes stated, "come on man you keep stabbing him like that I'm going to have to activate my beeper."

The attack continued and after going down the tier to punch the clock, defendant Hayes stopped in front of the plaintiff's cell and activated his beeper. Ranking officers arrived and the plaintiff was taken to the hospital for treatment. The plaintiff sustained 29 puncture wounds and 26 lacerations as a result of the attack by inmate Patterson.

In response to the plaintiff's allegations, the defendants have asserted that they are entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the defendants' motion should be granted in part. Specifically, the Court concludes that the plaintiff's claim against defendant Vannoy should be dismissed.

Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d 1364, 1373 (5th Cir. 1981). Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. *Id.* at 837. A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id. at 847.* The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.* at 837. However, a prison official may not "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Id.* at 843. It is irrelevant whether a risk comes from "a single source or multiple sources" or whether the risk is borne by a single prisoner for personal reasons or by all similarly-situated prisoners. *Id.*

While it is unclear whether defendant Hayes was aware that the plaintiff would be attacked by inmate Patterson, the plaintiff nonetheless alleges that when the attack occurred, defendant Hayes refused to intervene for a period of time. Accepting the plaintiff's allegations as true, the plaintiff has stated a claim against defendant Hayes for failure to protect under the Eighth Amendment.

As to defendant Vannoy, in order for a person to be found liable under § 1983 the person must have been personally involved in conduct causing an alleged deprivation of the plaintiff's

constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any implied allegation that this defendant is responsible for the actions of a subordinate or co-employee is alone insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Further, in the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. *Lozano v. Smith, supra*. In the absence of any such factual allegations relative to defendant Vannoy, there is no basis for the imposition of liability against this defendant.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, the Court further recommends that the exercise of supplemental jurisdiction be declined as the plaintiff's potential state law claims would substantially predominate over the claims over which the Court has original jurisdiction.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction in connection with any potential state law claims. It is further recommended that any claims against defendants Benjamin and Doe be dismissed without prejudice for failure to serve. It is further recommended that the defendants' Motion (R. Doc. 16) be granted in part, and that the

plaintiff's claims for monetary damages asserted against defendant Hayes in his official capacity be dismissed, and all claims against defendant Vannoy be dismissed. It is further recommended that in all other regards, the defendants' Motion (R. Doc. 16) be denied.

Signed in Baton Rouge, Louisiana, on September 12, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**