## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ELLIOT MONTANA (#293682)**

**VERSUS**

**DARREL VANNOY, ET AL.**

**CIVIL ACTION**

**NO. 16-766-JWD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 16, 2018.

   _____
   **RICHARD L. BOURGEOIS, JR.**
   **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ELLIOT MONTANA (#293682)

VERSUS

DARREL VANNOY, ET AL.

CIVIL ACTION

NO. 16-766-JWD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment (R. Docs. 23) filed on behalf of defendant Sgt. Carl Hayes. The Motion is opposed. *See* R. Docs. 24 and 26.

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden Darrel Vannoy, Sgt. Carl Hayes, Major Benjamin Zeringue, and Sgt. John Doe, in their individual and official capacities, complaining that his constitutional rights have been violated as result of the defendants' failure to protect him from harm and deliberate indifference to his safety.[1] The plaintiff is seeking compensatory and punitive damages.

Defendant Hayes moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, his own Affidavit, and certified copies of an Unusual Occurrence Report written by defendant Hayes, an Unusual Occurrence Report written by Curtis Green, a disciplinary report dated April 6, 2016, an Investigation Report No. AIS-16-D-0430, and an Administrative Remedy Procedure ("ARP") No. LSP-2016-1544. The plaintiff opposes the Motion relying upon the pleadings, a Statement of Undisputed Facts, his own Declaration, and the aforementioned Unusual Occurrence Reports, Investigation Report, and ARP.

---

[1] The plaintiff's claims against defendants Vannoy, Zeringue, and Doe were previously dismissed. The plaintiff's claims against defendant Hayes in his official capacity were also previously dismissed. *See* R. Docs. 20 and 22.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint as amended the plaintiff alleges the following. On April 6, 2016, the plaintiff was housed with inmate Patterson who had advised each passing officer that he did not wish to have a cell-mate unless the inmate was a homosexual.[2] The plaintiff was then suddenly attacked by inmate Patterson with a pick type weapon. Inmate Patterson stabbed him repeatedly while beating and kicking him.

Inmate Patterson was yelling that he "told security not to put no inmate in his cell unless the inmate a (homosexual), or he was going to kill'em" as he continued to stab and beat the plaintiff. Defendant Sgt. Hayes came up the stairs to make rounds and observed inmate Patterson attacking the plaintiff.[3] Instead of activating his beeper, defendant Hayes, with a smirk on his face, stated to inmate Patterson, "You still working on that inmate in your cell huh? Y'all up here making all that noise." Inmate Patterson informed defendant Hayes that, "He got this" and continued attacking the plaintiff while defendant Hayes watched with a smirk on his face. Defendant Hayes then told inmate Patterson, "don't kill him yet while on my shift I'll be here half the day doing reports and not get paid for it" and instructed Patterson to "stop stabbing him like that." Inmate Patterson continued to attack the plaintiff and defendant Hayes stated, "come on man you keep stabbing him like that I'm going to have to activate my beeper."

The attack continued and after going down the tier to punch the clock, defendant Hayes stopped in front of the plaintiff's cell and activated his beeper. Ranking officers arrived and the plaintiff was taken to the hospital for treatment. The plaintiff sustained 29 puncture wounds and 26 lacerations as a result of the attack by inmate Patterson.

---

[2] Inmate Patterson is identified as the cell-mate who allegedly attacked the plaintiff in the copy of the plaintiff's grievance which is attached to his Complaint. *See* R. Doc. 1-2, pgs. 5-6.
[3] Defendant Sgt. Hayes is identified as the "tier officer" mentioned in the plaintiff's Complaint in the copy of the Disciplinary Report attached to the plaintiff's Complaint. *See* R. Doc. 1-2, pg. 1.

In response to the plaintiff's allegations, defendant Hayes asserts that he is entitled to qualified immunity in connection with the plaintiff's claims.  Specifically, defendant Hayes contends that the plaintiff's allegations and evidentiary showing fail to show the existence of a genuine issue of disputed fact relative to any alleged violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks.  *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012).  As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights.  *Id.* at 201.  Second, the district court looks to whether the rights allegedly violated were clearly established.  *Id.*  This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition.  *Id.*  The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted.  *Id.* at 202.  The assertion of the qualified immunity defense alters the summary judgment burden of proof.  *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005).  Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct."  *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann, supra*, 422 F.3d at 262.[4]

---

[4] The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory.  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).  Although the *Saucier* methodology will be

Undertaking the qualified immunity analysis with respect to the plaintiff's claim that Defendant Hayes failed to protect him from the attack by his co-inmate, the Court finds that the Motion for Summary Judgment should be denied. Specifically, the Court finds that there are disputed questions of material fact as to whether defendant Hayes was deliberately indifferent to the plaintiff's safety prior to and during the attack by inmate Patterson.

Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d 1364, 1373 (5th Cir. 1981). Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. *Id.* at 837. A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id. at 847*. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.* at 837. However, a prison official may not "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Id.* at 843. It is irrelevant whether a risk comes from "a single source or

---

"often beneficial", the Court in *Pearson* leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis. *Id.*

multiple sources" or whether the risk is borne by a single prisoner for personal reasons or by all similarly-situated prisoners. *Id.*

"[N]o rule of constitutional law requires unarmed officials to endanger their own safety in order to protect a prison inmate threatened with physical violence." *Longoria v. Texas,* 473 F.3d 586, 593–94 (5th Cir. 2006); *see Rios v. Scott,* 100 F. App'x. 270 (5th Cir. 2004) (guard armed with only a baton who ran for help rather than intervene when an inmate was stabbed was entitled to qualified immunity from suit). However, a failure to call for assistance or take other reasonable measures to end the attack may amount to a failure to protect. *See Loisel v. Epps,* 2009 WL 1515079 (S.D. Miss. June 1, 2009); and *Edwards v. Mendoza*, 2008 WL 5246207 (S.D. Tex. Dec. 16, 2008).

Applying the foregoing standard, the Court finds that there are disputed questions of material fact in this case regarding defendant Hayes' deliberate indifference to the plaintiff's safety. In response to the plaintiff's allegations, defendant Hayes asserts that did not hear or observe inmate Patterson yelling threats to kill any inmate put in his cell that was not a homosexual, and upon observing the attack he immediately activated his beeper and issued verbal orders to stop fighting. Defendant Hayes further asserts that the inmates quickly complied, and inmate Patterson surrendered his weapon.

The plaintiff states in his Declaration under penalty of perjury, that inmate Patterson had made repeated threats to defendant Hayes, and that inmate Patterson had previously attacked inmates placed in his cell who were not homosexual. The plaintiff further states that despite hearing the attack occurring, defendant Hayes delayed intervening in the attack. Instead of activating his beeper, the plaintiff states that defendant Hayes made statements to the inmates regarding the noise they were making, and asked inmate Patterson not to kill the plaintiff so he

would not have to do paperwork before eventually telling inmate Patterson to stop stabbing the plaintiff "like that," going down to the end of the tier to punch the clock, and finally activating his beeper.

The Court has been presented with two conflicting accounts of the complained of occurrence. The Court cannot make credibility calls between these two conflicting versions of events. Construing the facts in a light most favorable to the plaintiff, the Court finds that the evidence submitted by the plaintiff is sufficient to create disputed questions of material fact. In sum, issues of fact preclude summary judgment on the issue deliberate indifference to the plaintiff's safety by defendant Hayes, and the Motion for Summary Judgment should be denied.

## RECOMMENDATION

It is recommended that the defendant's Motion for Summary Judgment (R. Doc. 23) be denied, and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on April 16, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**